Filed 6/12/15  P. v. Holguin CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FELICIA M. HOLGUIN,<br><br>    Defendant and Appellant. | B258494<br><br>(Los Angeles County<br>Super. Ct. No. VA135664) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter Paul Espinoza, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

1

Defendant and appellant Felicia M. Holguin appeals from a judgment of conviction entered after a plea. Under the terms of the plea agreement, Holguin pled no contest to one count of felony vandalism over $400 (Pen. Code, § 594, subd. (a)),[1] and the trial court dismissed a count alleging misdemeanor vandalism under $400 and a count alleging first degree residential burglary. The court placed Holguin on formal probation for three years on the condition that she serve 180 days in county jail. Appointed counsel filed an opening brief pursuant to the procedures approved in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the judgment.

## DISCUSSION

Holguin and Andres Mendoza have two children; during 2014, they continued a dating relationship. On June 16, 2014, Holguin went to Mendoza's residence to drop off the children. Holguin entered Mendoza's residence without permission while he was not home. She broke Mendoza's bedroom door, entered his bedroom, and took a television which she then apparently trashed.[2]

The People filed an information charging Holguin with misdemeanor vandalism under $400 (count 1; § 594, subd. (a)), residential burglary (count 2; § 459), and felony vandalism over $400 (count 3; §594, subd. (a)).

On June 25, 2014, Holguin entered a plea of no contest to the felony vandalism charge alleged in count 3, and the trial court dismissed the vandalism charge alleged in count 1, and the residential burglary charge alleged in count 2. On the same date, the court placed Holguin on formal probation for three years on condition she serve 180 days in county jail. The court set a restitution hearing for July 2014. On July 24, 2014, the trial court ordered Holguin to pay restitution to Mendoza in the amount of $531.70. Holguin did not request nor obtain a certificate of probable cause.

---

[1] All further undesignated section references are to the Penal Code.

[2] Because there was a plea in this case, the facts have been taken from the probation officer's report.

Holguin filed a timely notice of appeal which expressly indicated that the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

We appointed counsel to represent Holguin on appeal. Counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We thereafter notified Holguin by letter that she could submit any claim, argument or issues that she wished our court to review. She has not filed any claim or argument. We have independently reviewed the record on appeal, and find that appointed counsel has fulfilled her duty, and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.


                                                    BIGELOW, P. J.

We concur:


            FLIER, J.



            GRIMES, J.

3